## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONNA JOHNSON,                              Case No. 1:15-cv-569
           Plaintiff,

                                           Dlott, J.
     vs.                                   Bowman, M.J.

MEGAN J. BRENNAN, et al.,
           Defendants.


## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against "Megan Brennan, Ken Hafertepe, Dave Dorm, and Mike Smith.   (Doc. 1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because it fails to state a federal claim for relief.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).   Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."   *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff has cited 28 U.S.C. § 1343(3) as the basis for this Court's subject matter jurisdiction. She essentially claims that jurisdiction lies because she is bringing a

2

civil rights lawsuit under 42 U.S.C. § 1983. To state an actionable claim under 42 U.S.C. § 1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry,* 462 F. A'ppx 500, 503 (6th Cir.2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir.2007); *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003)).

Plaintiff claims that she has been "discriminated against along with a personal attack on my character by the defendants listed in this civil suit."  (Doc. 1 at 3).  Plaintiff further asserts that she "has been harassed and denied my due process to a fair hearing due to a hostile work environment."  *Id.* Plaintiff maintains that she has worked in a variety of positions and departments since 2002 and has a good work record.   According to Plaintiff, on November 5, 2014, her "89th day," she was terminated after returning to work after having pneumonia.   Plaintiff claims that she called the Postal Service "hot line" and requested FMLA.   Plaintiff's complaint also references EEO complaints filed with the U.S. Postal Service in January 2015 and April 2015.   Plaintiff also alleges that the Union asked her to resign in July 2015.  (Doc. 1 at 4).   Plaintiff further contends that "in January of 2014, Dave Dorm walked me out of the facility concerning an overpayment of money on my paycheck." (Doc. 1 at 5).   Plaintiff asserts that it was not Dorm's responsibility to reprimand her, and the problem should have been corrected by Human Resources/Payroll.   Last, Plaintiff maintains that "all of these events are a retaliation of a previous EEOC case…." *Id.*   For relief, Plaintiff requests, *inter alia*, to be re-instated as a permanent employee, back pay and benefits from November 2014 and $300,000.00 in

pain and suffering.

Upon careful review, the undersigned finds that plaintiff's allegations are insufficient to state a claim upon which relief may be granted by this Court.  Notably, plaintiff's complaint fails to state a claim for relief under § 1983 against the defendants. In order to allege a cognizable § 1983 civil rights claim, plaintiff must allege that the person engaging in the challenged conduct was acting under color of state law and that such conduct deprived the plaintiff of some right secured by the Constitution or laws of the United States. Plaintiff's complaint identifies only one named defendant and also fails to identify any violation of her constitutional rights.  Namely, there are no allegations of race, gender, religion and/or national origin discrimination. The undersigned recognizes that both § 1983 and Title VII prohibit discriminatory employment practices by public employers.  *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000).   However, Plaintiff's complaint fails to include sufficient allegations in order to state a viable claim under Title VII. See 42 U.S.C. § 2000e. Notably, Plaintiff fails to identify her employer and/or name the employer as a defendant.   *See Wathen v. General Electric Co.,* 115, F.3d 400, 404 n. 6, 405 (6th Cir.1997) (Title VII does not provide for individual liability).[1]

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.   It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the

---

[1] Last, Plaintiff's complaint also appears to allege that she was terminated after returning from sick leave. The Americans with Disability Act ("ADA") prevents entities from discriminating against disabled individuals because of their disability or because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Here, Plaintiff fails to allege that she suffers from a disability.   Her failure to name her employer is fatal to this claim as well.

4

foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONNA JOHNSON,                       Case No. 1:15-cv-569
       Plaintiff,

                                          Dlott, J.
     vs.                            Bowman, M.J.

MEGAN J. BRENNAN, et al.,
       Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).